IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND D. WORMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-1437 |
| | ) | |
| ERIC K. SHINSEKI, Secretary, | ) | JUDGE NORA BARRY FISCHER |
| Department of Veterans Affairs Agency, | ) | |
| | ) | ELECTRONICALLY FILED |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

AND NOW, comes Defendant, Eric K. Shinseki, Secretary of the Department of Veterans Affairs, by and through his attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Paul D. Kovac, Assistant United States Attorney for said district, and respectfully submits this Memorandum of Law in Support of the Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Alternatively, this Complaint can be dismissed for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).

**I. BACKGROUND**

Pro se Plaintiff, Raymond D. Wormack, is employed by the Department of Veterans Affairs at the VA Healthcare System Pittsburgh. Compl. at ¶ 5. Due to a recent change in work status, Plaintiff contends that he was discriminated against based on race, sex, and reprisal under Title VII of the Civil Rights Act of 1964. Compl. at ¶¶ 1, 2, 9.

Plaintiff filed a formal EEO complaint on June 2, 2008.  See Exhibit A (Final Agency Decision) at p. 1.  The Agency issued a final decision finding no discrimination on April 6, 2009.  Id.  Plaintiff received this decision on or about April 10, 2009.  Id. at cover page.  The decision indicated that if Plaintiff wished to file a civil action in Federal Court under Title VII, he would be required to do so within 90 days.  Id. at p. 8.

Over two years later, on November 23, 2011, Plaintiff filed a Complaint in this Court.  See Civil Docket for Case No. 2:11-cv-01437-NBF (W.D. Pa.) at Docket No. 1.  On April 12, 2012, this Court issued an Order indicating that the Complaint would be dismissed pursuant to Rule 4 if Plaintiff failed to show good cause for his failure to effectuate proper service of process.  Id. at Docket No. 5.  After Plaintiff filed an inadequate response, this Court issued another Order on April 24, 2012, extending Plaintiff's deadline until May 24, 2012, to comply with the requirements of Rule 4.  Id. at Docket No. 7.  The Court specifically stated in this Order that "[n]o further extensions will be granted."  Id.

In response, Plaintiff filed a "Notice of Mailing by Certified Mail" which consisted of several mail-tracking receipts, confirming deliveries to Eric K. Shinseki (Secretary of the Department of Veterans Affairs Agency); Terry Gerigk Wolf (Director of the Veterans Affairs Pittsburgh Healthcare System); and the Civil Process Clerk at the United States Attorney's Office.  Docket No. 8.  However, there is no indication that these mailings contained evidence that both a Complaint and summons were served on each party.  In fact, the Court docket does not reflect that a summons was even issued, nor was one ever received by the Defendant.

## II. ARGUMENT

A. **THE COURT SHOULD DISMISS THIS COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2).**

The personal jurisdiction analysis begins with the issue of service of process. This procedural prerequisite for bringing a lawsuit is governed by Rule 4 and requires the plaintiff to serve the defendant with both a Complaint and summons that has been signed and sealed by the Court. See Fed. R. Civ. P. 4(a)(1), (b), and (c)(1). Rule 4(i) lists the requirements for serving the United States and the various agents/entities thereunder. Under Rules 4(i)(1) & (2), the plaintiff must send a certified or registered mail copy of both the Complaint and summons to the federal agency, the Attorney General, and the United States Attorney for the district where the action is brought. The failure to comply with this procedural requirement and serve a properly executed summons on the defendant is grounds for dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565 (3d Cir. 1996) ("The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case.").

In the instant case, there is no evidence that Plaintiff ever obtained a proper summons from the Court and effectuated service of that summons and Complaint on the Defendant. Under these circumstances, personal jurisdiction has never been conferred over the Defendant, and the case should be dismissed pursuant to Rule 12(b)(2). Ayres, 99 F.3d at 569 ("A summons which

is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant [and] . . . such suit should be dismissed under Fed. R. Civ. P. 12(b)(2).").[1]

It is also important to emphasize that the Court warned Plaintiff, by two separate Orders, each noting the relevant procedural rules, that dismissal could result if service was not properly made. Docket Nos. 5 & 7. Plaintiff was also provided an appropriate extension of time. Despite these lenient measures for this pro se Plaintiff, service of process was still not properly effectuated. See McNeil v. United States, 508 U.S. 106, 113 (1993) (stating that pro se litigants are "not excused from conforming to the standard rules of civil procedure."). Accordingly, this Complaint should be dismissed pursuant to Rule 12(b)(2) or, as the Court suggested in its Order, for failure to prosecute. Docket No. 7.

**B.     ALTERNATIVELY, THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(B)(6).**

Alternatively, dismissal of the Complaint is appropriate for failure to state a claim under Rule 12(b)(6) because Plaintiff failed to timely exhaust administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) ("Timeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim."). A plaintiff alleging employment discrimination must raise and exhaust administrative remedies

---

[1] In Ayres, a properly signed and sealed summons was never obtained from the Clerk of Court. Instead, the Plaintiff improperly prepared and signed the summons herself. The Third Circuit held that plaintiff's failure to obtain valid process denied the Court of personal jurisdiction, and dismissal was warranted pursuant to Rule 12(b)(2). The Court then found it "unnecessary" to consider whether the case should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. Ayres, 99 F.3d at 569 ("[U]nder such circumstances, it becomes unnecessary for the district courts to consider such question as whether service was properly made or whether an extension to the 120-day service period should be granted under Rule 4(m).").

within the appropriate deadlines before instituting an action in Federal Court.  See Robinson, 107 F.3d at 1020 (citing McKart v. United States, 395 U.S. 185, 193 (1969)).  In order to comply with these requirements, Plaintiff must file a formal complaint of discrimination with the appropriate agency within 15 days of receipt of the notice of the right to do so.  29 C.F.R. § 1614.106(a) (2012).  Subsequently, "*[w]ithin 90 days* of receipt of notice of final action taken by a department, agency, or unit . . ., an employee . . ., if aggrieved by the final disposition of his complaint . . ., may file a civil action." 42 U.S.C. § 2000e-16(c) (2012) (emphasis added).  Failure to comply with these procedural requirements by filing an untimely Complaint constitutes a failure to exhaust administrative remedies and dismissal pursuant to Rule 12(b)(6).  See McDowell v. Potter, 2008 WL 239439, at *2 (W.D. Pa. Jan. 29, 2008)(J. Fischer) ("Failure to comply with these procedural requirements is grounds for dismissal of a tardy complaint and constitutes a failure to exhaust all required administrative remedies.") (citing Donovan v. Henderson, 45 Fed. App'x 178, 179 (3d Cir. 2002); Johnson v. Gober, Sect'y Dept. Vet. Affairs, 83 Fed. App'x 455, 460 (3d Cir. 2003)).

Here, Plaintiff filed a formal EEO complaint with the Department of Veterans Affairs alleging discrimination on June 2, 2008.  Exhibit A.  A final agency decision finding no discrimination was issued on April 7, 2009, and received by Plaintiff on or about April 10, 2009.  Id. at cover page.  Upon receipt of the final agency decision, Plaintiff was specifically notified that he had 90 days to bring suit in Federal Court if he desired to do so.  See 42 U.S.C. § 2000e-16(c); Ex. A at 9 ("The complainant may file a civil action within 90 days of receipt of this final decision if no appeal to EEOC has been filed . . . ")(emphasis omitted).  However, Plaintiff did not file the instant Complaint in this Court until November 23, 2011, over two years after

5

receiving the final agency decision and well-beyond the 90-day time limit. Accordingly, Plaintiff has failed to timely exhaust administrative remedies, and dismissal is warranted pursuant to Rule 12(b)(6).

## **CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint.

                                                      Respectfully submitted,

                                                     DAVID J. HICKTON
                                                     UNITED STATES ATTORNEY

                                By:     s/Paul D. Kovac
                                            PAUL D. KOVAC
                                            Assistant United States Attorney
                                            Western District of Pennsylvania
                                            U.S. Post Office & Courthouse
                                            700 Grant Street, Suite 4000
                                            Pittsburgh, PA 15219
                                            (412) 894-7489

Dated: June 26, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Defendant's Memorandum of Law in Support of Motion to Dismiss was electronically filed and mailed, postage-prepaid, this 26th day of June, 2012, to the following:

>Raymond D. Wormack
>210 Snyder Street
>Connellsville, PA 15425

>s/Paul D. Kovac
>PAUL D. KOVAC
>Assistant U.S. Attorney